**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ARTHUR R. DIRKS,**

     **Plaintiff,**

     **v.**                           **Case No. 15-CV-7997-JAR-GLR**

**BOARD OF COUNTY COMMISSIONERS OF**
**FORD COUNTY, KANSAS, ET AL.,**

     **Defendant.**

## MEMORANDUM AND ORDER

This case is before the Court on Defendants' Motion to Stay Discovery (ECF 12) and

Amended Motion to Stay Discovery (ECF 22). Defendants request that the Court stay discovery

in this case until the resolution of their Motion to Dismiss, which is pending before the District

Judge.[1] Defendants argue that if resolved in their favor, those motions, which are based on

Defendants' assertion of qualified immunity against all of Plaintiff's claims, would be fully

dispositive. Because Defendants assert qualified immunity, they contend that they should not be

required to engage in discovery until that issue has been ruled upon. For the reasons set forth

below, the Court grants Defendants' Amended Motion to Stay Discovery (ECF 22). Because

their first Motion to Stay Discovery (ECF 12) relates to a Motion for Judgment on the Pleadings

which the District Judge has found to be moot,[2] the Court finds the earlier motion to stay moot

and rules on the more recent motion.

---

[1] ECF 20.

[2] *See* ECF 33.

Generally, the policy in this district is not to stay discovery even though dispositive motions are pending.[3] However, a court may appropriately stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[4]

Another basis for staying discovery is a defendant's assertion of an immunity defense in a dispositive motion.[5] Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[6] The Tenth Circuit has emphasized that "qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation."[7] Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."[8]

In response to Defendants' motion to stay discovery, Plaintiff makes arguments related to the substance of the pending motions to dismiss.[9] Specifically, Plaintiff contends that Defendants are not entitled to qualified immunity, so discovery should proceed as it normally

---

[3] *Wolf v. Unites States*, 157 F.R.D. 494, 495 (D.Kan. 1994).

[4] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[5] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[6] *Id.*

[7] *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert*, 500 U.S. at 277).

[8] *Id.*

[9] ECF 27, referring the Court to Plaintiff's Mem. in Opp. to Def.'s Mot. To Dismiss (ECF 26).

would.[10]  However, the legal standards regarding discovery and qualified immunity suggest that a stay is appropriate at this juncture in the case, even if the District Judge were to ultimately deny the motion to dismiss. Furthermore, discovery is not likely to provide information that would affect the outcome of the ruling on the dispositive motion, since it raises issues of law, not issues of fact.  The Court thus finds that a stay of discovery is appropriate pending resolution of the Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Defendants' Amended Motion to Stay Discovery (ECF 22) is granted.

**IT IS FURTHER ORDERED** that Defendants' earlier Motion to Stay Discovery (ECF 12) is moot.

Dated this 4th day of February, 2016, in Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[10] ECF 27.