IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ARTHUR R. DIRKS,<br><br>      Plaintiff,<br><br>      v.<br><br>BOARD OF COUNTY COMMISSIONERS OF FORD COUNTY, KANSAS, ET AL.,<br><br>      Defendant. | Case No. 15-CV-7997-JAR-GLR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Lift Stay of Discovery (ECF 40). On February 5, 2016, this Court granted Defendants' Motion to Stay Discovery while their Motion to Dismiss, based on their assertion of qualified immunity, was pending before the District Judge.[1] On May 24, 2016, the District Court denied the Motion to Dismiss as to Defendants Bolmer and Elam and granted the motion as to Defendant Board of County Commissioners of Ford County, Kansas.[2] In so doing, the Court found that Defendants Bolmer and Elam are not entitled to qualified immunity.[3] On June 21, 2016, Defendants Bolmer and Elam filed their Notice of Appeal, challenging the Court's qualified immunity ruling. The present motion to lift the stay of discovery is now fully briefed and the Court is prepared to rule. For the reasons below, the Court denies Plaintiff's motion.

As the Court noted in its Memorandum and Order of February 5, 2016, a defendant's assertion of qualified immunity is a basis to stay discovery, because a defendant is generally

---

[1] ECF 34.

[2] ECF 35.

[3] *Id.*

1

entitled to have questions of immunity resolved before being required to engage in discovery or other pretrial proceedings.[4]  "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation."[5]  Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."[6]  This includes the time period during which the issue is pending on appeal.[7]  The qualified immunity question will not be fully resolved until the appeal is decided.  Furthermore, "an interlocutory appeal from an order refusing to dismiss on double jeopardy or qualified immunity grounds relates to the entire action and, therefore, it divests the district court of jurisdiction to proceed with any part of the action against an appealing defendant."[8]  For these reasons, the Court declines to lift the stay of discovery at this time.  The parties are to file a status report or a motion to lift the stay when the qualified immunity issue is fully decided by the Court of Appeals.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Lift Stay of Discovery (ECF 40) is denied.

Dated this 19th day of July, 2016, in Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[4] *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[5] *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (citing *Siegert*, 500 U.S. at 277).

[6] *Id.*

[7] *See Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990); *see also McCormick v. City of Lawrence*, 218 F.R.D. 687, 693 (D. Kan. 2003).

[8] *Stewart*, 915 F.2d at 576.